## STATEN ISLAND SHIPBUILDING CO. v. SPEARIN.

(Supreme Court, Appellate Division, Second Department. March 15, 1912.)

**1. CONTRACTS (§ 155*)—CONSTRUCTION—AMBIGUITY.**

Ambiguity in a contract should not be construed in favor of the party who wrote it.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 736; Dec. Dig. § 155.*]

**2. SALES (§ 88*)—ACTIONS—JURY QUESTIONS.**

In an action on a contract which required defendant, in selling plaintiff secondhand piles and timber, including "long platforms" between tracks, to raft "this secondhand timber and piles," the trial court properly submitted to the jury the question whether, under the facts aliunde, it was intended that the platforms should be rafted, and it was error to set aside the verdict thereon.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 248-250; Dec. Dig. § 88.*]

Appeal from Special Term, Richmond County.

Action by the Staten Island Shipbuilding Company against George B. Spearin. From an order granting defendant a new trial, plaintiff appeals. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD, BURR, and RICH, JJ.

Martin A. Ryan, for appellant.
Alfred S. Brown, for respondent.

HIRSCHBERG, J. [1, 2] This action was brought to recover damages for the breach of a written agreement, signed by the defendant and accepted by the plaintiff. The agreement was in the form of a letter (Plaintiff's Exhibit 1), which reads in part as follows:

"We accept your verbal proposition to build two scows. * * * Our understanding is that the price of these scows delivered will be $3,700, and that you will make us an allowance thereon of $2,700 for the secondhand piles and timber which we are removing from the St. George Terminal, S. I., *above to include the five long platforms between the tracks*, and all other material below the top level of deck. * * * It is also our understanding that *we are to raft this secondhand timber and piles*, and that you will tow *it* from the work at your own expense, as we get it ready."

The answer denied that the defendant agreed to raft the five long platforms, and it appearing on the trial that he failed to do so, the principal question on the trial was as to the proper interpretation of the agreement. That the learned trial justice considered the agreement ambiguous is evidenced from a portion of his charge, as follows (folio 168):

"I am going to leave it to you to decide how far there rested upon the defendant in this case the obligation to raft material which was covered by this contract. If the defendant failed to raft—that is, put in the water and place in rafting condition, material that had to be rafted—then in that respect the defendant failed to perform his contract. If he did raft all that it was required to raft, then there is no cause of action here on the part of the plaintiff against the defendant, because the only thing mentioned here is rafting."

For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The jury found for the plaintiff in the sum of $1,514.50 and interest, and in setting aside the verdict the court handed down the following opinion:

"The defendant was under obligation to raft secondhand piles and timbers —long stuff only. This conclusion follows the construction by the court of the written agreement. To submit the questions to the jury was error. Verdict set aside, and new trial granted."

While it is quite clear that the defendant's agreement was to raft "long stuff only," the qualifying or explanatory phrase "above to include the five long platforms between the tracks" must not be overlooked. "Long platforms," undisputedly of wood, surely may be included in the description "long stuff only," and there was no evidence that the long platforms could not be rafted. If, as it appears, the contract is ambiguous, the ambiguity should not be construed in favor of the defendant, who wrote it. As was said by the court in Gillet v. Bank of America, 160 N. Y. 549, 555, 55 N. E. 292, 294:

"The reason of the rule that the language of an instrument is to be construed against the person who proposes it, rather than against the person who is invited to accept it, is that men are supposed to take care of themselves, and that he who chooses the words by which a right is given ought to be held to the strict interpretation of them, rather than he who only accepts them."

In order to determine the only question at issue, whether the parties intended that the five long platforms should be rafted, it was necessary to examine facts aliunde in connection with the written language. This the court apparently did when it decided that the long platforms were not "long stuff"; but the question was a mixed question of law and fact, and in submitting it to the jury the court committed no error.

In Trustees of East Hampton v. Vail, 151 N. Y. 463, 470, 45 N. E. 1030, 1032, the court said:

"While it is a general rule that the construction of a written instrument is a question of law for the court, yet, where its interpretation depends upon the sense in which the words were used, or depends upon facts aliunde in connection with the written language to ascertain the intent of the parties, the question becomes a mixed question of law and fact."

If it was not error to submit the question to the jury, the court erred in setting aside the verdict on account of that supposed error.

The order should therefore be reversed, and the verdict reinstated. All concur.